UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Patricia Grassick

   v.                                     Civil No. 11-cv-328-SM

Eric H. Holder, Jr., et al.

## O R D E R

Before the court is a complaint (see First Am. and Verified Compl., doc. no. 7) filed in forma pauperis by pro se plaintiff, Patricia Grassick, asserting claims of employment discrimination and retaliation against her former employer, the United States Department of Justice ("DOJ"), naming as defendants federal officers including supervisors at the United States Attorney's Office for the District of Rhode Island, where she worked. Grassick has alleged that the federal defendants are liable to her under the Rehabilitation Act, 29 U.S.C. § 794a; the Age Discrimination in Employment Act ("ADEA"), 28 U.S.C. § 633a; the Age Discrimination Act, 42 U.S.C. §§ 6101-6107; the Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302(b)(8); the Notification and Federal Employee Anti-Discrimination and Retaliation Act of 2002 ("No FEAR Act"), Pub. L. No. 107-174,

116 Stat. 566, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c).

Also pending are three motions filed by Grassick (doc. nos. 10, 13 and 14). The court has referred two of those motions to the magistrate judge (doc. nos. 13 and 14), and those motions are resolved in this order.[1]

Background

In a Report and Recommendation issued on this date, the undersigned magistrate judge has recommended that Grassick's WPA claims be dismissed without prejudice to Grassick proceeding on similar WPA claims in a related case pending in this court, Grassick v. Holder, 09-CV-0587-PJB-LM (D.R.I. filed Dec. 4, 2009) ("Grassick I").[2] This magistrate judge has also recommended that the court dismiss Grassick's hostile work environment Rehabilitation Act claim, her post-discharge claims of retaliation, her RICO claims, her Age Discrimination Act

---

[1]Grassick's remaining motion (doc. no. 10), seeking a remand of her claims to the Equal Employment Opportunity Commission ("EEOC"), will be resolved in a separate order, after defendants have been provided an opportunity to file a response.

[2]In a separate order issued on this date, the court has directed that, unless the parties object within 14 days, the two related cases filed by Grassick in the United States District Court for the District of Rhode Island shall be consolidated for all purposes.

claim, and her No FEAR Act claims. If the Report and Recommendation is accepted by the court, Grassick's claims in this action will consist of claims alleging employment discrimination and retaliation, specifically, an age discrimination claim under the ADEA, and claims alleging retaliation and a failure to make a reasonable accommodation under the Rehabilitation Act.

## Discussion

I. <u>Motion to Serve Process (doc. no. 13)</u>

Grassick has filed a motion (doc. no. 13), requesting that this court appoint a person to serve the complaint. Grassick specifically requests that the court not appoint the United States Marshal for the District of Rhode Island ("U.S. Marshal's Office") because, Grassick asserts, the U.S. Marshal's Office was influenced by defendants and failed to serve the complaint promptly in the related case that she filed in this court, Case No. 09-cv-587-PJB-LM ("<u>Grassick I</u>").

Pursuant to Fed. R. Civ. P. 4(c)(3), this court is required to appoint an officer of the court to serve process on behalf of a plaintiff who has been granted leave to proceed in forma pauperis. The court in this case has identified plausible

claims for relief asserted in the complaint (doc. no. 7) which warrant its service.

The U.S. Marshal's Office is routinely appointed to make service in cases where a plaintiff is proceeding in forma pauperis. Upon review of the motion and relevant documents filed in Grassick I, the court finds no reason at this time to depart from its practice of directing the U.S. Marshal's Office to serve the complaint. Therefore, Grassick's motion (doc. no. 13) is granted in part and denied in part; the court orders service of process, but declines to appoint a person other than the U.S. Marshal's Office to effect such service.

II. Motion for Extension of Time to Serve Process (doc. no. 14)

Grassick has filed a motion (doc. no. 14) requesting additional time to effect service, in effect seeking to delay service until after the court rules on her motion (doc. no. 10) seeking an order remanding the case to the EEOC. The court anticipates granting defendants leave to file a response to Grassick's motion to remand (doc. no. 10), once they have been served and have appeared in this action. Delaying service of the complaint upon DOJ, pending the court's disposition of a motion (doc. no. 10) that might be better resolved after the government has had an opportunity to respond to that motion,

would not be a prudent exercise of the court's discretion and would not otherwise serve the interests of justice or judicial efficiency. Grassick's motion requesting that service upon DOJ be delayed (doc. no. 14) is, therefore, denied.

III. Service

For reasons set forth in the Report and Recommendation issued on this date, the court directs that the complaint (doc. no. 7) be served upon the DOJ, pursuant to Fed. R. Civ. P. 4(i), in the following manner: The clerk's office shall prepare and issue a summons for the DOJ, and shall forward to the U.S. Marshal's Office the summons and copies of this Order, the Report and Recommendation issued on this date, and the First Amended and Verified Complaint (doc. no. 7). Upon receipt of the necessary documentation, the U.S. Marshal's Office shall serve the DOJ, pursuant to Fed. R. Civ. P. 4(i)(2), by delivering the documents to the United States Attorney for the District of Rhode Island, and by mailing the documents by certified mail to the Office of the Attorney General of the United States.

DOJ shall file a response to the complaint no later than sixty days from the date of service on the United States

Attorney for the District of Rhode Island. See Fed. R. Civ. P. 12(a)(2).

Plaintiff is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the original complaint, shall be served by delivering or mailing the materials to DOJ's attorneys.

## Conclusion

For the foregoing reasons, the court denies the motion for an extension of time to effect service (doc. no. 14), and grants in part and denies in part the motion (doc. no. 13) to appoint a person to serve the complaint; the court directs the U.S. Marshal's Office to effect service of process upon the United States and DOJ, as set forth above.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

May 1, 2012

cc: Patricia Grassick, pro se
Special Assistant U.S. Attorney Artemis Lekakis, Esq.

LM:nmd